■ In the Matter of the Claim of DONALD R. FLANIGAN, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal by insurance carrier from a decision of the Workmen's Compensation Board which affirmed an award for disability benefits under the Disability Benefits Law (Workmen's Compensation Law, art. 9). Claimant, Donald R. Flanigan, strained his back pulling up a root while building a patio. The injury was nonoccupational in nature and he was disabled exactly seven days. Claimant's employer, Ford Motor Company, was insured by appellant under a group insurance plan for the payment of disability benefits to its employees. The policy was a voluntary plan which entitled employees to certain benefits greater than those required by the Disability Benefits Law. Thus, benefits for disability due to accidental bodily injury are payable from the first day of disability, rather than from the eighth day, as required by the statute; and such benefits are at rates higher than the statutory rates, amounting to $65 as against the $50 maximum under the statute. This plan had previously been filed with the Chairman of the Workmen's Compensation Board as required by section 211 of the Workmen's Compensation Law. It was accepted and was in force at the time of the incident in question. Claimant filed a claim for disability benefits which was rejected by appellant on the grounds that the disability was not due to an accident and since disability did not last longer than seven days no payments were required. Claimant sought review by the Workmen's Compensation Board and a hearing was held. The Referee found for claimant and the board affirmed. Appellant argues that the board was without jurisdiction since the benefits in dispute are in excess of any required under the Disability Benefits Law and this therefore necessitates

an interpretation of the plan by a court of law. Assuming the **board** does have jurisdiction, appellant urges that there was no accident as the injury was caused by a voluntary act and the strain was a natural consequence of said act without any intervening force. The statute provides with respect to each authorized plan or agreement that, among other things, the "*benefits of the employees* shall be as provided in said plan or agreement *rather than as provided under this article*" (Workmen's Compensation Law, § 211, subds. 4, 5) (italics supplied); and confers upon the board authority "to determine all issues in relation to every  *  *  *  claim for disability benefits required *or provided* under this article" (Workmen's Compensation Law, § 221) (italics supplied). Here, the benefits are in excess of those "required", but they *are* those "provided under" the statute; and from the above-emphasized language of sections 211 and 221 it is clear that when the statutory benefits are superseded by voluntarily conferred benefits, the latter are, in practical effect, to be read into the statute in their entirety, at least for purposes of enforcement. (Cf. 2 Larson, Workmen's Compensation Law, § 92.40.) It would be a strange result if a claimant disabled for eight days were compelled to resort to the Workmen's Compensation Board for collection of benefits for the eighth day at the statutory rate and to a court for enforcement of his rights to benefits for the first seven days and to a rate for the eighth day in excess of the statutory rate. Further, under the authority conferred by the last sentence of section 211, the Chairman of the Workmen's Compensation Board promulgated rules 44 and 48, respectively providing among other things, that an employer desiring to be permitted to provide benefits "*in lieu of* the statutory benefits" shall submit the plan to the Chairman and that the benefits provided by the plan or agreement shall be effective "*in lieu of*" the statutory provision for benefits (12 NYCRR 358–3.4, 358–3.8). Additionally, it may be noted, although not as determinative, that the policy issued by appellant carrier provides that the Chairman of the Workmen's Compensation Board "shall have the right to enforce  *  *  *  for the benefit of the insured employee  *  *  *  the liability of the Company  *  *  *  for the payment of the benefits". The policy provides for payments for disability caused by "accidental bodily injury or disease". The board was clearly within its province by finding this injury to be accidental. The strain was clearly not a disease and that is the only disability for which a seven-day nonbenefit period is provided. We are dealing here with disability benefits and a problem in semantics is not at issue. The language of the policy is appellant's own and the finding of accident was within the board's jurisdiction. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.