■ In the Matter of the Claim of MIRIAM GOLAN, Respondent, v MONTEFIORE HOSPITAL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed April 8, 1976, as amended by decisions filed November 18, 1976 and January 25, 1978, which awarded disability benefits under the Disability Benefits Law (Workers' Compensation Law, art 9). The National Benefit Fund for Hospital and Health Care Employees (Fund) is a trust under the joint trusteeship of labor and management, which provides various benefits to employees represented by the National Union of Hospital and Health Care Employees, including pregnancy disability benefits. The Fund's disability benefit plan was filed by the claimant's employer, Montefiore Hospital, with the chairman of the Workers' Compensation Board pursuant to section 211 of the Workers' Compensation Law. Claimant made a claim to the Fund for pregnancy disability benefits which was denied for reasons not relevant to this appeal. Claimant then sought board review of the Fund's rejection of her claim. Following an initial determination by the board that it did not have jurisdiction over pregnancy benefits, claimant requested a hearing. The referee found that the claimant was entitled to six weeks of benefits under the plan filed with the board, a decision which was ultimately affirmed by the board. On this appeal, the sole issue raised by the Fund is whether or not the board had jurisdiction over this claim for pregnancy disability benefits. Section 221 of the Workers' Compensation Law provides that the board "shall have full power and authority to determine all issues in relation to every such claim for disability benefits required *or provided* under this article" (emphasis supplied). This language, when read in con-

junction with subdivisions 4 and 5 of section 211 of the Workers' Compensation Law which allow covered employers to file plans providing benefits to its employees "at least as favorable as" the statutory benefits, leads us to conclude that the board has full authority to determine all issues relating to a claim for disability benefits under a plan which has been filed with the board's chairman (see *Matter of Flanigan v Hancock Mut. Life Ins. Co.,* 22 AD2d 836). In *Matter of Flanigan (supra),* this court held that the board was not without jurisdiction over a disability benefits plan filed with the chairman merely because the benefits in dispute exceeded those required under the Disability Benefits Law. A difference between the *Flanigan* case and the one at bar is that *Flanigan* involved a plan which gave greater benefits for a type of disability, which was covered by statute (accidental bodily injury) while the Fund's plan gave coverage for a disability (pregnancy) which was specifically excluded by the statutory coverage (Workers' Compensation Law, § 205, subd 3). However, we do not feel that this distinction requires a different result. When statutory benefits are superseded by voluntarily conferred benefits, the latter should be read into the statute in their entirety for the purposes of enforcement *(Matter of Flanigan v Hancock Mut. Life Ins. Co., supra,* p 837). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.